# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD DRAYTON, | : | |
| Petitioner | : | CASE NO. 3:14-CR-305 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

## **MEMORANDUM**

Pending before the court is petitioner Ronald Drayton's ("Drayton") *pro se* Motion to Vacate, Set Aside or Correct, his 57-month sentence of imprisonment, filed on February 23, 2018. (Doc. 567). Drayton's motion is filed pursuant to 28 U.S.C. §2255 and is based upon ineffective assistance of counsel claims against his attorney, William Ruzzo ("counsel"), for failing to sufficiently object to the PSR regarding an obstruction of justice enhancement. Drayton also claims his counsel was ineffective for failing to adequately challenge the sentencing court's finding that he was not entitled to a two or a three-level reduction for acceptance of responsibility under the Sentencing Guidelines. As relief, Drayton seeks the court to reinstate his appeal rights and to re-sentence him without the obstruction of justice enhancement and with a reduction for acceptance for responsibility. Upon the court's review of the record in this case, Drayton's motion and traverse, (Doc. 587), as well as the government's response, (Doc. 582), Drayton's motion is

1

**DENIED** without the need for an evidentiary hearing.

## I. BACKGROUND[1]

After Drayton pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846, a Presentence Investigation Report (PSR) was ordered. The PSR was filed on January 12, 2017, (Doc. 490), with an addendum, (Doc. 491), stating Drayton's objections to it. The PSR found that Drayton was not entitled to a two or a three-level reduction for acceptance of responsibility, and that he should receive a two-level enhancement for obstruction of justice. Specifically, the PSR stated that "[Drayton] willfully obstructed or impeded the administration of justice when he absconded from pretrial services supervision in July 2015. He was a fugitive for approximately two months before U.S. Marshal's (sic) arrested him in the Eastern District of New York on September 14, 2015." (Doc. 490, ¶21). Even though Drayton pled guilty, with respect to an adjustment for acceptance of responsibility, the PSR stated, (Id., ¶22), in relevant part, as follows:

> It does not appear that he has accepted full responsibility for his actions. As noted in paragraph 42, on July 10, 2015, the subject was captured on video discharging a firearm from inside a night club in Wilkes-Barre. Following the incident, he was a fugitive on the instant federal offense and Wilkes-Barre police for two months. The defendant was prohibited from possessing a firearm for being a convicted felon, under a felony indictment, and on pretrial services supervision.

---

[1]Since the complete factual background of this case is detailed in the PSR and Drayton does not dispute the background as stated therein, it will not be repeated. (Doc. 490).

Drayton, through his counsel, objected to "a two-level enhancement to the guideline computation pursuant USSG §3C1.1 for Obstruction of Justice; and to the loss of a three-level reduction in his offense level pursuant to USSG §3E1.1 for Acceptance of Responsibility." (Doc. 491).

On February 23, 2017, the court conducted a sentencing hearing, (Doc. 520), and counsel for Drayton argued that he should not receive the obstruction enhancement since one charge was dismissed, i.e, the aggravated assault charge, and since he was not convicted of the other charge which was still pending in state court, i.e., felon in possession of a firearm in the Wilkes-Barre nightclub (The Passion House). Drayton also pointed out that the firearm found outside of the nightclub did not have his DNA or his fingerprints on it which showed that he did not possess the firearm. The court reviewed the firearms report counsel presented as an exhibit and noted that the firearm discharged in the nightclub appeared to be a different firearm than the one that was found outside the club. Further, there was no DNA testing performed on the firearm as Drayton represented. The Court overruled both of defense counsel's objections and adopted the PSR without change. (Doc. 523). As such, Drayton's total offense level was 26 and his criminal history category was II subjecting his to a Guideline range of 70 to 87 months imprisonment. (Doc. 490, ¶60). The court did grant Drayton's motion for a downward variance, over the objection of the government, pursuant to 18 U.S.C. §3553(a)(1) due to his personal history and characteristics, which reduced his sentence below the applicable Guideline

range. Drayton was then sentenced to 57-months of imprisonment followed by 3-years of supervised release. (Doc. 521).

Drayton did not file an appeal regarding his conviction or sentence.

On February 23, 2018, Drayton filed his instant motion pursuant to 28 U.S.C. §2255, arguing that his counsel was ineffective for failing to properly argue that the obstruction of justice enhancement was incorrectly applied to him in the PSR. He also argues that the court incorrectly adopted the PSR's finding that he was not entitled to either a two or three-level reduction for acceptance of responsibility. Drayton contends that based on a recent Supreme Court case, the court is now prohibited from considering any conduct of the defendant outside a final conviction for the purpose of sentencing enhancements. Drayton alleges that due to these errors his appeal rights should be reinstated and that he should be re-sentenced without the obstruction of justice enhancement and with the acceptance of responsibility reduction.

Drayton attaches a brief in support to his §2255 motion as well as excerpts from his sentencing hearing transcript and excerpts of the transcript of his November 2015 preliminary hearing in Luzerne County in which the district magisterial judge dismissed the aggravated assault against Drayton. The state judge did find that the Commonwealth established a prima facie case against Drayton for the possession of a firearm offense regarding the shooting incident in the Wilkes-Barre nightclub and, bound that charge over to County Court for trial.

On June 25, 2018, the government filed a brief in opposition to Drayton's motion. (Doc. 582). Drayton then filed a traverse on July 25, 2018. (Doc. 587).

## II.  STANDARD

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* United States v. Bendolph, 409 F.3d 155, 165 n. 15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

"[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2 (W.D.Pa. June 21, 2010)(citations omitted). "In order to prevail on a §2255

5

motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" U.S. v. Bates, 2008 WL 80048, *2 (M.D.Pa. Jan. 7, 2008)(quoting Mallet v. U.S., 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." U.S. v. Ayers, 938 F.Supp.2d 108, 112 (D.D.C. 2013)(citation omitted). Drayton's instant claims fall within the purview of §2255 since they challenge the validity of his sentence. Bates, 2008 WL 80048, *3 ("Claims of ineffective assistance of counsel may be brought in the first instance by way of a §2255 motion regardless of whether the movant could have asserted the claim on direct appeal.")(citing Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690 (2003)).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "the assistance of counsel for his defense." U.S. Const. amend. VI. The U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) established a two-prong test to evaluate the effectiveness of the assistance of counsel. In the first prong, the defendant must show "that counsel's performance was deficient," id., 687, and must prove this by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In addition, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id., 687-

88.

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy.

Id., 689.

In the second prong, a defendant must show that counsel's deficient performance "prejudiced the defense," because "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, cf. United States v. Valenzuela–Bernal, 458 U.S. 858, 866–867 (1982), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id., 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 694. Thus, to state a successful claim for ineffective assistance of counsel, petitioner must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S.

7

510, 521, 123 S.Ct. 2527 (2003). "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." Ayers, 938 F.Supp.2d at 113 (citing Strickland, 466 U.S. at 700).

## III. DISCUSSION

In his §2255 motion, Drayton requests the court to vacate his judgment of conviction and sentence based on two grounds, his claim of ineffective assistance of counsel for failing to adequately object to the obstruction of justice sentencing enhancement, and his claim that his counsel was ineffective for failing to adequately oppose the court's decision not to give him a two or three-level reduction for acceptance of responsibility. He also claims that it was error for the court to enhance his sentence based on anything other than the conduct for which he was convicted. The court analyzes Drayton's claims using the two-pronged approach prescribed in *Strickland*.

The court must first determine whether Drayton has overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. Moreover, "[w]here defense counsel fails to object to an improper enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance." U.S. v. Otero, 502 F.3d 331, 336 (3d Cir. 2007)(citation omitted). Drayton initially contends that during his sentencing hearing his counsel did not effectively argue that the two-point enhancement for obstruction of justice was inappropriate which caused his sentence to be longer.

The court finds that the PSR correctly added the two-level enhancement for obstruction of justice pursuant to USSG §3C1.1. The PSR stated that Drayton willfully obstructed or impeded the administration of justice when he absconded from pretrial services supervision in July of 2015, and then was a fugitive for about two months until his arrest in New York. (Doc. 490, ¶22).

Here, Drayton's counsel did object to the obstruction of justice enhancement but his objection was overruled by the court since it was clear that the enhancement was applicable to Drayton based on his stated undisputed conduct in becoming a fugitive when he was on presentence release. The court stated that "under 3C1.1 your failure to appear, and really knowing failure to appear was an obstruction of justice in this case and is proper to have a two-point enhancement based upon that." (Doc. 567 at 49). As the Third Circuit stated in U.S. v. Santarelli, 604 Fed.Appx. 164, 170 (3d Cir. 2015), "the obstruction-of-justice enhancement [ ] applies to 'escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding.'" (citing U.S.S.G. §3C1.1 app. n. 4(E)).

As such, Drayton's counsel could not have been ineffective even if he had failed to object to the two-level obstruction of justice enhancement under USSG §3C1.1 since it clearly applied. However, the court notes that counsel did object and he did so adequately. *See* U.S. v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999)(Third Circuit held that "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a

meritless argument.")(citations omitted); U.S. v. Bui, 795 F.3d 363,366-67 (3d Cir. 2015).

Drayton next claims that the court erroneously failed to give him a two or a three-level reduction for acceptance of responsibility under USSG §3E1.1, and that his counsel did not properly challenge this finding by the court. The PSR correctly noted that USSG §3E1.1, Application Note 3 states, "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." And it noted that Application Note 4 states, "Conduct resulting in an enhancement under USSG §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct…" (Doc. 490, ¶22). The PSR based its finding on the facts that even though he was prohibited from possessing a firearm, Drayton "was captured on video discharging a firearm from inside a night club in Wilkes-Barre", and that after the shooting incident, "he was a fugitive on the instant federal offense and [from the] Wilkes-Barre police for two months."

Here, the plea agreement Drayton signed left the decision to recommend a three-level reduction for acceptance of responsibility within the discretion of the government. (Doc. 380 at 7). In particular, the agreement stated, in relevant part, as follows:

> If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The

> failure of the court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

Based on his conduct while he was on pretrial release awaiting sentence in the instant case, namely, engaging in criminal conduct regarding the pending charge of possession of a firearm, and then becoming a fugitive, the court found that Drayton was not entitled to any reduction for acceptance of responsibility. The court noted that it was of no moment whether Drayton was "convicted beyond a reasonable doubt by a state, or other federal authority, for purposes of making a determination of whether your conduct indicates a lack of responsibility to the extent that it shows that you have not fully accepted responsibility." (Doc. 567 at 50). Based on the discretionary language in the plea agreement and Drayton's conduct after he pled guilty, the court found that it was appropriate to deny Drayton a reduction for acceptance of responsibility. *See* Bower v. United States, 2017 WL 4954075, *4 (M.D.Pa. Oct. 31, 2017).

Further, the court finds no merit in Drayton's claim that his counsel was ineffective for failing to adequately object to the denial of a reduction since his counsel did, in fact, object to the loss of this reduction pursuant to USSG §3E1.1 for acceptance of responsibility. (Doc. 491 & Doc. 567 at 38). *See id.* As the government points out, "[Drayton's counsel] presented evidence at the sentencing hearing to show that the defendant did not have a conviction for possessing the firearms at issue and provided a firearms report that indicated that the discharged weapon from the alleged incident, was a different weapon

then the one found outside the incident location." "[Drayton's counsel] also presented evidence that there were no fingerprints found on the weapon that would tie the weapon to Drayton." (Doc. 582 at 12-13). As such, Drayton's counsel made essentially the same arguments at sentencing as Drayton raises in his §2255 motion. This alone belies his ineffective of counsel claim. Thus, it is clear that Drayton's counsel properly advocated for him at his sentencing hearing.

Drayton further argues that his counsel should have questioned the probation officer regarding the reliability of his statements in the PSR with respect to the shooting incident in the nightclub and that his counsel should have objected to this information since it was based on inadmissible hearsay. He thus states that his counsel failed to develop accurate facts regarding the incident which lead to the court's refusal to afford him a reduction for acceptance of responsibility.

In United States v. Echevarria, 732 Fed.Appx. 101, 103 (3d Cir. 2018), the Third Circuit stated that "Section 3E1.1 provides that a district court may grant a two-level reduction in the offense level '[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, U.S.S.G. §3E1.1(a), and the defendant bears the burden to show by a preponderance of the evidence that such a reduction is appropriate." (citation omitted). "[W]hether a criminal defendant "clearly demonstrates acceptance of responsibility" for [his] offense such that [he] is entitled to a reduction in [his] offense level under §3E1.1 is an 'essentially factual' determination" made by

the district court. U.S. v. Jenkins, 630 Fed.Appx. 153, 156 (3d Cir. 2015). "Because the sentencing judge 'is in a unique position to evaluate a defendant's acceptance of responsibility,' [ ] great deference [is given] on review to a sentencing judge's decision not to apply the ... reduction for acceptance of responsibility to a particular defendant." United States v. Atwood, 673 Fed.Appx. 177, 180 (3d Cir. 2016) (citations omitted). Here, the court relied on more than one basis for denying Drayton any reduction for acceptance of responsibility, and each one was sufficient by itself. In Atwood, *id.*, the Third Circuit stated:

> We have not limited consideration of relevant conduct for purposes of assessing acceptance of responsibility to a certain time period or category of conduct. Rather, **any relevant conduct** that occurs from the time the defendant is on notice of the Government's interest in his criminal activities may be considered in determining whether he has truly manifested an acceptance of responsibility. United States v. Ceccarani, 98 F.3d 126, 128 (3d Cir. 1996) (finding a denial of acceptance of responsibility proper where conduct took place pre-plea but after the defendant was indicted).

(emphasis added).

Drayton was clearly on notice of the government's interest in his conduct when he was released on pretrial services subject to specific conditions pending his sentence and, thus his behavior during this period, including his conduct inside the nightclub, was relevant conduct for determining his acceptance of responsibility that could be considered. *See id.* The court found that Drayton had not ceased to engage in criminal conduct during this period and that his behavior after the shooting incident when he

absconded demonstrated that he was not entitled to a reduction for acceptance of responsibility. *See id.* (Third Circuit found that district court did not err by considering defendants' flight and continued criminal conduct after guilty plea in finding that they were not entitled to a reduction for acceptance of responsibility).

Further, the Third Circuit in <u>Jenkins</u>, 630 Fed.Appx. at 156-57, found no merit to the defendant's argument that "the District Court should not have denied the reduction [for acceptance of responsibility] based on state charges that were dismissed, and that the court's consideration of offenses for which she was arrested but which were not adjudicated amounted to an 'unsupported assumption' in violation of her due process rights." The Court in <u>Jenkins</u>, *id*. at 157, explained that "we require that information used as a basis for sentencing under the Guidelines ... have sufficient indicia of reliability to support its probable accuracy," and that "facts that are considered at sentencing, as a general matter, must be proved by a preponderance of the evidence, not beyond a reasonable doubt." (internal citations and quotation marks omitted). Thus, Drayton's counsel was not ineffective for failing to try to cross-exam the probation officer and to raise an objection to the PSR based on hearsay.

Moreover, Drayton cannot show any prejudice due to his counsel's conduct since the court granted him a downward variance and his 57-month sentence was well below the guideline range of 70-87 months and his maximum potential sentence exposure stated at his guilty plea hearing.

14

Finally, Drayton contends that his alleged possession of a firearm inside the Wilkes-Barre nightclub could not have been used as a basis for giving him an enhancement and failing to give him a reduction in his sentence in light of the recent Supreme Court case of United States v. Nelson, —U.S.—, 137 S.Ct. 1249 (2017), unavailable at the time of his sentencing, which he states holds that only facts arising out of a final conviction, and not elements of acquitted, dismissed or uncharged crimes, may be considered at sentencing.

Drayton misconstrues *Nelson*. As the Fourth Circuit in United States v. Ajrawat, 738 Fed.Appx. 136, 139 (4th Cir. 2018), explained:

> In *Nelson*, the Supreme Court held that "[w]hen a criminal conviction is invalidated by a reviewing court and no retrial will occur, ... the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction." *Id*. *Nelson* involved a due process challenge to a state law that permitted a defendant whose conviction had been reversed or vacated to receive a refund of funds paid as a result of the conviction—including restitution—only by proving his actual innocence by clear and convincing evidence in a separate civil proceeding. *See id.* at 1254-55. The Court concluded that the statute violated due process by permitting the continued deprivation of funds in the absence of a valid conviction—"once those convictions were erased, the presumption of [defendants'] innocence was restored." *Id.* at 1255. *Nelson* requires the return of funds taken "solely because of ... now-invalidated convictions." *Id*. at 1256.

Drayton appears to argue that his alleged possession of a firearm somehow could not be used as a reason for enhancing his sentence and for failing to give him a reduction for acceptance of responsibility because he did not have a valid firearm conviction for this conduct at the time of his

15

sentencing. Drayton also contends that under the new rule of law announced in *Nelson*, he now must be presumed innocent of the aggravated assault charge since that charge was dismissed by a state Judge.

The holding in *Nelson* simply does not apply to Drayton's case. Drayton failed to get a reduction for acceptance of responsibility due to his conduct inside the Wilkes-Barre nightclub resulting in an aggravated assault charge against him and due to the undisputed fact that he then became a fugitive with respect to the present case as well as the state case. These reasons were sufficient for the court's findings at sentencing and it was of no moment whether Drayton was subsequently convicted of any crime for his conduct in the nightclub or whether any charge would later be dismissed. As the government states, (Doc. 582 at 17), the Court in *Nelson* does not "address or decide that it is improper for pretrial services to use crimes charged at the time of sentencing, that later are dismissed, for guideline enhancements."

Next, Drayton contends that he is entitled to re-sentencing since the *Nelson* decision is a new rule of constitutional law that makes it unconstitutional to use conduct for which he was charged but not convicted at his sentencing as a basis for determining guideline credits or enhancements when those charges were later dismissed. He claims that the court improperly relied upon his alleged conduct in the nightclub in deciding his guideline credits and enhancements. In <u>Miller v. United States</u>, 2018 WL 1693372, *2 (D.KS. April 5, 2018), the court considered whether the *Nelson* decision rendered a §2255 motion timely under §2255(f)(3), i.e., based on a

newly recognized right by the Supreme Court, and stated:

> the Supreme Court's decision in *Nelson* found that it was a due process violation for a State to require defendants whose convictions had been reversed or vacated to prove their innocence by clear and convincing evidence before they were refunded costs, fees, and restitution pursuant to their invalid convictions. 137 S.Ct. 1249. The Supreme Court did not find that it was unconstitutional to consider relevant conduct, including conduct that was not charged. *Nelson* also does not discuss the appropriate evidentiary standard for proving relevant conduct [that] is attributable to a defendant at sentencing.

Drayton seriously misreads the holding in *Nelson*. Additionally, as the government explains, "[Drayton] was given an obstruction of justice enhancement for multiple reasons. First, for absconding from pretrial services, which alone is enough. Second, for behavior associated with charges in relation to the possession of a firearm in relation to aggravated assault charges." (Doc. 582 at 17).

I**V.    EVIDENTIARY HEARING**

Drayton requests an evidentiary hearing which the government opposes. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b). *See* United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)(The court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and

17

files and records of the case show conclusively that the movant is not entitled to relief.")(citation omitted). However, the court need not accept the petitioner's allegations as true if they "are unsupported by specifics [or] wholly incredible in the face of the record.") Patton v. United States, 2010 WL 3191887, *1 (W.D. Pa. 2010) (citing United States v. Estrada, 849 F.2d 1304,1307 (10th Cir. 1988)). A review of the motion, the exhibits and the briefs of both parties, as well as the law and the claims, make it clear that Drayton's allegations are wholly unsupported by the record. Drayton merely presents a series of subjective perceptions of the facts as well as unsubstantiated assertions regarding the alleged ineffectiveness of his counsel. Therefore, the court finds no reason to hold an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Drayton has shown neither the denial of a constitutional right nor that jurists

of reason would disagree with this court's resolution of his claims.

## VI. CONCLUSION

Based on the foregoing, the court finds Drayton fails to show his counsel was ineffective or deficient in any way. Therefore, the court **DENIES** Drayton's §2255 Motion. (Doc. 567). An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 29, 2019**

14-305-05.wpd